Brent Kenneth Reed v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-253-CR

     BRENT KENNETH REED,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 54th District Court
McLennan County, Texas
Trial Court # 2001-482-C
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      After a jury trial, Brent Kenneth Reed was convicted of theft of property valued less than
$1,500. The offense was enhanced to a state jail felony because of Reed’s two prior theft
convictions. Reed was sentenced to two years’ confinement in the Texas Department of Criminal
Justice–Institutional Division and fined four thousand dollars. He brings two issues on appeal:
(1) that the court erred in allowing the State to tell the venire panel that Reed had two prior
convictions for theft, and (2) that the court erred in refusing to allow Reed to introduce evidence
implicating another person in an extraneous offense that was attributed to Reed. Because we find
that Reed waived his complaint regarding voir dire and that the court did not abuse its discretion
in excluding evidence, we will affirm.
BACKGROUND
      Reed’s indictment centers on the disposition of a mountain bike that Reed received from James
Van Winkle, who had hired Reed to do odd jobs. Van Winkle testified that he loaned the bike to
Reed; Reed argued that the bike was a gift. Van Winkle said that when he asked Reed to return
the bicycle, Reed told him that it had been stolen. Waco police detective Keith Kellum, who
investigated the bicycle’s disappearance, testified that Reed told him the bike belonged to someone
named Charlie. At the punishment stage, Reed testified that, believing the bike to be a gift, he
had pawned it. Police eventually recovered the bike from a pawn shop. Reed’s aunt, Barbara
Hertado, testified for the State, saying that Reed stayed in one of her houses after being released
from prison. She said that while he was in possession of the house, some of her belongings stored
there went missing. Reed denied taking any of Hertado’s belongings. These items, however,
including tools, ladders, antique glass, and antique dolls, were never recovered. At punishment,
the State introduced exhibits showing that Reed had previously been convicted of burglary of a
habitation and possession of drug paraphernalia.
VOIR DIRE COMMENT
      In his first issue, Reed argues that the trial court erred in allowing the prosecutor to advise
jurors during voir dire that Reed had twice before been convicted of theft offenses. Specifically,
Reed complains of the following interchange, which took place during voir dire, in the presence
and hearing of the venire panel.
PROSECUTOR: The elements of this offense allege that it happened on or about August 5th of
2000, that it happened here in McLennan County, Texas, which gives this Court
jurisdiction over the case. That Brent Kenneth Reed, the defendant,
intentionally appropriated by acquiring, or otherwise exercising control over
property, to-wit: a bicycle in this case, valued at under $1,500.00, and that the
defendant had two prior theft convictions, from the owner, James Van Winkle,
who you heard mentioned earlier, without the effective consent of Mr. Van
Winkle, and with the intent to deprive— 
 
DEFENSE ATTORNEY:       I am going to object. [The prosecutor] said that Mr. Reed had two
prior convictions from Mr. Van Winkle, I think the panel may
have misunderstood that.
 
PROSECUTOR: I think I said, your Honor, that Mr. Van Winkle was the victim in the case, that
he would be the one whose consent was required, and who was deprived of his
property.
 
COURT:     Overrule the objection.
 
PROSECUTOR: Is that more clear on who the victims are, and who the alleged suspect is, the
defendant. That the defendant having had two prior theft convictions deprived
Mr. Van Winkle the benefit of owning the bicycle, the benefit of having it in his
possession, without Mr. Van Winkle’s consent . . . . 

Reed did not reurge his objection after the prosecutor restated the element of the offense involving
his two prior convictions. See Tex. Pen. Code Ann. § 31.03(e)(4)(D) (Vernon 2003).
      As a prerequisite to preserving a complaint for appellate review, the record must show that:
(1) the complaint was made to the trial court by a timely request, objection, or motion that: (A)
stated the grounds for the ruling that the complaining party sought from the trial court with
sufficient specificity to make the trial court aware of the complaint, unless the specific grounds
were apparent from the context; and (B) complied with the requirements of the Texas Rules of .
. . Criminal Evidence or the Texas Rules of . . . Appellate Procedure; and (2) the trial court: (A)
ruled on the request, objection, or motion, either expressly or implicitly; or (B) refused to rule on
the request, objection, or motion, and the complaining party objected to the refusal. Tex. R. App.
P. 33.1. The Court of Criminal Appeals has recently reiterated the two policy reasons for
requiring specific objections. Aldrich v. State, 104 S.W.3d 890, 894 (Tex. Crim. App. 2003). 
A specific objection is required to inform the trial judge of the basis of the objection and to afford
an opportunity to rule on it. Id. A specific objection is also required to give opposing counsel
an opportunity to remove the objection. Id. Moreover, the issue on appeal must correspond to
the objection at trial; that is, an objection stating one legal theory may not be used to support a
different legal theory on appeal. Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995).
      Reed objected to the prosecutor’s phrasing, which he believed suggested that Reed had stolen
from Van Winkle twice before. On appeal, however, he complains about any mention of his prior
theft convictions, an objection that was not raised at trial. Because his appellate issue does not
comport with his objection at trial, nothing is preserved for our review. Tex. R. App. P. 33.1;
Broxton, 909 S.W.2d at 918. We overrule Reed’s first issue.
EXCLUSION OF EVIDENCE
      Reed also challenges the court’s exclusion of certain evidence that Reed contends would have
implicated another person in the commission of an extraneous offense. Specifically, during the
punishment phase, Reed’s aunt testified that a number of her belongings disappeared from her
house while Reed was staying there. Reed wanted to ask her when her son, who also had lived
at the house, was released from jail.


 The court sustained the State’s objection to this question.
      We review a trial court’s ruling regarding the admissibility of evidence for abuse of
discretion. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000). We will uphold
the trial court’s ruling if it was within the zone of reasonable disagreement. Id. (citing
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).
      Evidence is "relevant" if it has "any tendency to make the existence of any fact that is of
consequence to the determination of the action more probable or less probable than it would be
without the evidence." Tex. R. Evid. 401. Questions of relevance should be left largely to the
trial court, relying on its own observations and experience, and will not be reversed absent an
abuse of discretion. Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993) (citing
Montgomery, 810 S.W.2d at 391.).
      Reed argues that the question was relevant to the issue of punishment, because it would have
established that someone else had an opportunity to take the missing items. The State, on the other
hand, argues that this question was properly excluded because it was speculative and an improper
attempt to impeach Hertado’s credibility based on her son’s prison record. In addition, the State
suggested other questions that could have been asked to elicit the sought-after information. 
Finally, the State noted at oral argument that Reed did not lay an adequate predicate before asking
this particular question.
      Although it may have been relevant to establish that somebody else had access to the objects
that went missing from Hertado’s house, we believe that the court’s ruling on the particular
questions asked and sought-to-be asked was within the zone of reasonable disagreement. 
Weatherred, 15 S.W.3d at 542. Accordingly, we overrule Reed’s second issue.
CONCLUSION
      Having overruled both of Reed’s issues, we affirm the judgment.
 
                                                                   BILL VANCE
                                                                   Justice

Before Chief Justice Davis,
      Justice Vance, and 
      Justice Gray
Affirmed
Opinion delivered and filed July 23, 2003
Do not publish
[CR25]